UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
WINSHEY CAZEAU,

      Plaintiff

-against-

THE CITY OF NEW YORK, Police Officer MICHAEL DIFEDE, Shield No. 30220, Sergeant TIMOTHY GLANT, Police Officer ELVIS ALCIVAR, Shield No. 29229, Police Officer KEVIN LAFONTANT, Shield No. 19732 , Lieutenant DOUGLAS KAUTTER, Sergeant GORDON FRASIER, Shield No. 1374, JOHN DOE NUMBER 1 through 10, each officer in his individual and official capacity as an employee of the City of New York,

      Defendants.
---------------------------------------------------X

**FIRST AMEDNED COMPLAINT AND JURY DEMAND**

17CV2294 (NG)(CLP)

The Plaintiff, WINSHEY CAZEAU, by his attorney, The Rameau Law Firm, alleges the following, upon information and belief for this First Amended Complaint:

## INTRODUCTION

1. This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§§ 1983 and 1988 against the individual defendants identified herein and their employer, the City of New York.

## PARTIES, VENUE AND JURISDICTION

2. Plaintiff WINSHEY CAZEAU is a resident of Kings County in the City and State of New York and of proper age to commence this lawsuit

3. At all relevant times hereinafter mentioned, Defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

4. At all relevant times hereinafter mentioned, defendant Police Officer Michael Difede, Shield No. 30220, was employed by the City of New York as a member of the NYPD. Difede is sued in his individual and official capacities.

5. At all relevant times hereinafter mentioned, defendant Sergeant Timothy Glant, was employed by the City of New York as a member of the NYPD. Glant is sued in his individual and official capacities.

6. At all relevant times hereinafter mentioned, Police Officer Elvis Alcivar, Shield No. 29229 was employed by the City of New York as a member of the NYPD. Alcivar is sued in his individual and official capacities.

7. At all relevant times hereinafter mentioned, Police Officer Kevin Lafontant, Shield No. 19732 was employed by the City of New York as a member of the NYPD. Lafontant is sued in his individual and official capacities.

8. At all relevant times hereinafter mentioned, Lieutenant Douglas Kautter was employed by the City of New York as a member of the NYPD. Kautter is sued in his individual and official capacities.

9. At all relevant times hereinafter mentioned, Sergeant Gordon Frasier, Shield No. 1374 was employed by the City of New York as a member of the NYPD. Frasier is sued in his individual and official capacities

10. At all relevant times hereinafter mentioned, defendants John Does One through Ten were individuals employed by the City of New York as members of the

NYPD whose actual and complete identities are not known to plaintiffs at this time. The Does defendants are sued herein in their individual and official capacities.

11. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, as well as 42 U.S.C. §1983.

12. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et. seq., in the Eastern District of New York, where the plaintiff and defendant reside, and where the majority of the actions complained of herein occurred.

## FACTUAL ALLEGAIONS

13. Plaintiff is an African-American male.

14. On or about October 16, 2016, at approximately 8:00 pm, plaintiff was in the area of 222 East 17th Street, Brooklyn, New York.

15. A group of defendants including DIFEDE, GLANT, ALCIVAR, LAFONTANT, KAUTTER, FRASIER, and JOHN DOES 1 through 5 approached plaintiff and pushed plaintiff onto the ground smashing plaintiff's head against the concrete surface, injuring and disfiguring plaintiff.

16. Defendants sat onto plaintiff's back exerting all of their weight onto plaintiff who was lying on the ground with his face down bleeding.

17. One of said defendants pulled plaintiff by his hair, and smashed plaintiff's face onto the concrete causing plaintiff tremendous pain.

18. At no point in time was it reasonable or necessary to use any force against the plaintiff, much less the force that was actually used, nor could a

3

reasonable officer have believed that the use of such force was reasonable or necessary.

19. Plaintiff was then taken to the Kings County Hospital where his injuries were assessed and treated.

20. On October 17, 2016, plaintiff experienced severe pain in his wrist and continued bleeding from his head wound.

21. Defendants called an ambulance and plaintiff was transported to the Maimonides Medical Center, where he was diagnosed with a hand injury, later confirmed to be a fracture.

22. As a result of defendants' actions, plaintiff sustained physical, mental, and emotional harm of a permanent nature.

23. At all relevant time, each of the individual defendants participated directly in the assault on plaintiff and the affirmative efforts to cover up that assault.

24. The defendants attempted to cover up their use of excessive force by lying about their actions and otherwise failing to report their actions.

25. To the extent that any of the defendants did not participate personally in this misconduct and assault on plaintiff, each such defendant was aware of the misconduct, yet failed to take any reasonable steps or make any reasonable effort to prevent or limit such misconduct from occurring or continuing.

26. Thus, each defendant is responsible for the assault on plaintiff and the subsequent cover up both for his direct participation in this conduct and his failure to intervene in his co-defendants' misconduct.

27. In so doing, the individual defendants engaged in a joint venture and assisted each other in performing the various actions described, and lent each other their physical presence and support, as well as the authority of their office during these events.

## FIRST CAUSE OF ACTION
### (§1983 Claim Against the Individual Defendants)

28. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29. Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

30. The defendants further failed to intervene in each other's misconduct, and then affirmatively sought to cover up said misconduct by lying about the failure to intervene and the falsified version of the facts surrounding the arrest of plaintiff.

31. To the extent that any one of the individual defendants did not personally engage in the fabrication of evidence concerning plaintiff's arrest, or any of the other unconstitutional conduct alleged herein, he or she witnessed this conduct as it occurred, was aware that it was occurring or would occur,

had an ample opportunity to intervene to prevent it from occurring or continuing to occur, and failed to do so.

32. By so doing, the individual defendants subjected plaintiff to false arrest and thereby violated, and aided and abetted in the violation of, plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

33. By reason thereof, the individual defendants have violated 42 U.S.C.§1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, and the deprivation of his liberty and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION
### (False Arrest)

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

36. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
### (Malicious Abuse Of Process)

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. The individual defendants issued legal process to place Plaintiff under arrest.

39. The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up the fact that plaintiff was a victim of street violence as opposed to the perpetrator of a crime.

40. Instead of performing their duties as officers and seeking to assist plaintiff, they treated plaintiff as a criminal.

41. The individual defendants arrested plaintiff to allow themselves to obtain credit for the arrest.

42. The individual defendants arrested plaintiff to allow themselves to obtain additional overtime.

43. The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

44. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

### FOURTH CUASE OF ACTION
### (Excessive Use of Force

46. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47. The individual defendant employed more force than was reasonably necessary under the circumstances, and further threatened the plaintiff with violence without cause or justification.

48. The individual defendants are therefore liable to the plaintiff for having assaulted him by placing him in fear of imminent harm.

49. The individual defendant are also liable for battery and the use of unnecessary force for the force used during and subsequent to the seizure.

50. By reason thereof, the individual defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish and emotional distress, and the loss of his liberty and civil rights.

## FIFTH CAUSE OF ACTION
### (Failure To Intervene)

51. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

53. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth And Fourteenth Amendments.

54. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CAUSE OF ACTION
### *Monell*

55. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

57. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

58. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

59. This policy or practice led directly to the violation of countless citizens false arrests as the officers knew there was no basis to arrest them.

60. The officers knew as did the defendant officers in this case that they would be arresting people without a valid basis.

61. The officers knew as did the defendant officers in this case that they would be arresting people without probable cause.

62. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue

9

here and has failed to change its policies, practices and customs to stop this behavior.

63. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

64. These policies, practices, and customs were the moving force behind plaintiff's injuries.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trail of all issues capable of being determined by the jury.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff requests that this Court:

(a) Award compensatory damages against the defendants, jointly and severally;

(b) Award punitive damages against the individual defendants, jointly and severally;

(c) Award costs of this action to the plaintiff;

(d) Award reasonable attorneys' fees and costs to the plaintiff pursuant to 28 U.S.C. § 1988;

(e) Such other and further relief as this Court deems just and proper.

DATED: October 23, 2017
Brooklyn, New York

_____
Amy Rameau, Esq.

The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, New York 11241
Phone: (718) 852-4759
rameaulawny@gmail.com

*Attorney for Plaintiff*

TO: All Defendants
Bilal Haider, Esq.
Corporation Counsel of the City of New York

11